h MURRAY, J.,
concurring.
I write separately to further elaborate upon the evidence before the jury upon which it could have reasonably relied in reaching its result.
As the majority points out, the jury was presented with two conflicting versions of how the accident occurred: Mr. Cross’s version, which was that the bus was rear-ended by the Coca Cola truck; and the defendants’ version, which was that only the side-view mirror of the Coca Cola truck touched the bus as the truck passed alongside the parked bus. The defendants challenge the jury’s finding of causation on the basis that if only the mirror brushed the side of the bus, the accident could not have resulted in Mr. Cross’s herniated disk. The defendants cite inconsistencies in Mr. Cross’s testimony and his alleged failure to disclose his full medical history to his physicians in support of their argument.
However, there was evidence other than Mr. Cross’s testimony to suggest that the accident could have involved a collision with at least the rear corner of the bus. A report written by Mark Owen, the .driver of the truck, to his employer, Coca Cola, stated that the bracket which attached the mirror to the truck scuffed the back side of the bus and left an eight-inch long scuff of red paint on the bus. As the mirror was chrome and the truck was red, more than just the mirror would have had to come in contact with the bus in order to leave a red mark.
| ^Moreover, the plaintiff, Mr. Cross, introduced evidence to explain the alleged inconsistencies in his testimony. Mr. Cross’s treating psychologist of ten years described Mr. Cross as someone who had difficulty expressing himself because of shyness, nervousness, and impaired concentration. Nevertheless, Mr. Cross filled out written reports and consistently told many people after the accident that the bus was rear-ended, including accident investigator Tracy Thibodeaux, Dr. Marrero (the workmen’s compensation doctor he saw right after the accident), all the other physicians who treated him, and his employer, the Regional Transit Authority. He also explained the fact that the police report did not reflect a rear-end collision by testifying that he told the police officer only what he saw with his own eyes, and he did not actually see the truck hit Ms bus, but rather felt it.
Regarding Mr. Cross’s medical, history, the defendants produced military records from Mr. Cross’s service in National Guard during the 1980’s and evidence of a prior bus accident in 1992 to show that Mr. Cross had significant back problems before this accident that he did not disclose to his doctors. Nevertheless, all of Mr. Cross’s physicians, when confronted with this information on cross examination, testified that he probably did not have a herniated disk prior to this accident, which he clearly had afterward.
Considering all the evidence, although this is a close call, I cannot say that no reasonable fact finder could have reached the conclusions the jury did in the instant case. Therefore, I respectfully concur in the majority’s affirming of the judgment on the basis of the absence of manifest error.